UNITED STATES DISTRICT COURT
SOUTHERN DISCTRIT OF OHIO
WESTERN DIVISION

United States of America,

    Plaintiff,

        v.

Qian Williams,

    Defendant.

Case No. 1:17cr117

Judge Michael R. Barrett

**ORDER**

This matter is before the Court on Defendant's Motion to Suppress Evidence from Vehicle Stop (Doc. 74); Defendant's Motion for Reconsideration (Doc. 75) of Court's Opinion and Order (Doc. 63); and the Defendant's Motion to Dismiss Indictment (Doc. 85).

**I.    BACKGROUND**

On July 17, 2018, Defendant moved to suppress evidence obtained as a result of searches of two properties on Randomhill Road in Cincinnati, Ohio. Defendant argued, *inter alia*, that: (1) the underlying search warrants were void *ab initio* because "[f]ederal agents have no authority to execute a warrant issued by a Hamilton County judge" (Doc. 57, PageID 145); and (2) the search warrants each failed to establish the requisite nexus between the places to be searched and the evidence sought. An evidentiary hearing was conducted on August 27, 2018. The Court rejected both of the above arguments in an opinion that issued on October 5, 2018. (Doc. 63). Specifically, the Court found that the warrants were executed by a joint duty task force comprised of federal, state, and local officers, and that Defendant failed to support that "federal law or the Rules of Criminal Procedure [require] that only county officials . . . execute a county-issued search warrant." (Doc. 63, PageID 202). The Court further determined that the

affidavits in support of the search warrants were supported by probable cause, and that each established the requisite nexus between the places to be searched and the evidence sought. (*Id*. at 199-200).

Since the Court's October 2018 Order (Doc. 63), Defendant has asked the Court to reconsider its prior rulings (Doc. 75), to suppress evidence from his vehicle (Doc. 74), and to dismiss the indictment (Doc. 85). A second hearing was held on March 11, 2019, after which the Parties submitted post-hearing briefing.

**II. ANALYSIS**

a. Motion to Suppress Evidence from Vehicle Stop

The Court will begin with the Motion to Suppress Evidence from Vehicle Stop (Doc. 74). Defendant argues that the stop and subsequent search of his vehicle were unlawful because there is no evidence that the deputy observed a traffic violation beforehand. (*Id*. at 330-31). However, Defendant's argument is based on a faulty premise. Defendant's vehicle was stopped not because of a traffic violation; rather, it was stopped because there was probable cause that Defendant had committed a felonious narcotics offense immediately beforehand. (Doc. 64, PageID 219, lines 3-14; PageID 244, lines 5-17). Therefore, Defendant's vehicle was stopped in order for officers to place him under arrest, which they did, and any search was accompanied by the extant probable cause. Accordingly, the Motion to Suppress (Doc. 74) is not well taken.

b. Motion for Reconsideration

Defendant asks this Court to reconsider its determination that: (1) DEA task force officers were authorized to execute a search warrant signed by a county judge; and (2) the affidavits in support of each search warrant established the requisite nexus between the places to be searched and the evidence sought.

2

First, Defendant argues that the task force's reliance on a county-issued warrant violates Rule 41 of the Federal Rules of Criminal Procedure. Rule 41 states, in relevant part, that: "At the request of a federal law enforcement officer or an attorney for the government . . . a magistrate judge with authority in the district—or if none is reasonably available, a judge of a state court of record in the district—has authority to issue a warrant to search for and seize a person or property located within the district[.]" Rule 41 requirements have been reviewed and addressed by the Sixth Circuit in cases involving joint federal and state investigative participation. *United States v. Bennett*, 170 F.3d 632 (6th Cir. 1999); *United States v. Duval*, 742 F.3d 246 (6th Cir. 2014). *Accord*: *United States v. Rich*, No. 17-20032, 2017 U.S. Dist. LEXIS 173634, at *22-23 (E.D. Mich. Oct. 20, 2017). In *Rich*, an officer employed by the Southgate Police Department in Southgate, Michigan was working on joint task force with the DEA. The investigation was of mutual concern to federal and state agencies, such that the prosecution could have gone state or federal. Under those facts, and similar to the instant case, the district court concluded that the joint operation precluded automatic application of Fed. R. Crim. P. 41. *Id*. ("the investigation at issue could have gone 'state or federal' and Kment exercised that flexibility to apply for and obtain a state search warrant based on a presumptive violation of state law, which precludes application of Fed. R. Crim. P. 41 in this case.") (relying on *Duval*). Accordingly, Defendant's argument in support of reconsideration is not well taken.

Second, Defendant argues that the Court's probable cause/nexus analyses did not properly apply binding Sixth Circuit precedent. To support this argument, Defendant draws the Court's attention to a series of cases that this Court already reviewed and considered. Again, Defendant's argument in support of reconsideration is not well taken.

c. Motion to Dismiss

This matter is also before the Court on Defendant's Motion to Dismiss Indictment (Doc. 85). In this motion, Defendant argues that hearsay was improperly presented to the grand jury, that he was entitled to a preliminary hearing, and that the superseding indictment was untimely.

Initially, the Court will assume without deciding that hearsay evidence was indeed presented to the grand jury. However, the general rule is that a criminal indictment is valid even though it may have been based solely upon hearsay evidence. *United States v. Barone*, 584 F.2d 118, 123 (6th Cir. 1978). While the Sixth Circuit has not "foreclosed" the possibility that some grand jury proceedings may be abused so "egregious[ly] as to warrant intervention," such circumstances do not exist here. Defendant's argument is not well taken.

Furthermore, Defendant offers no authority supporting his purported entitlement to a preliminary hearing, that the case was not properly bound over to the grand jury by the Court, or that the superseding indictment was untimely.

Accordingly, the Motion to Dismiss Indictment (Doc. 85) is not well taken.

## III. CONCLUSION

Therefore, consistent with the above, Defendant's Motions (Docs. 74, 75, 85) are **DENIED**.

**IT IS SO ORDERED.**

                                        s/*Michael R. Barrett*
                                        Hon. Michael R. Barrett
                                        United States District Judge