**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

Qian Williams,

    Petitioner/Defendant,                      Case No. 1:17-cr-117

          v.                                 Judge Michael R. Barrett

United States of America,

    Respondent/Plaintiff.

## ORDER

This matter is before the Court on Petitioner's Motion for Furlough for Escorted Trip (Doc. 223), which the Clerk received (and docketed) on September 15, 2022.[1]

Petitioner explains that his mother, whom he has not seen since his (March 9, 2020) sentencing, passed away on September 6, 2022. He asks the Court to grant his Motion, so he "can see his mother before she's put in the ground." (Doc. 223 PAGEID 2766). Petitioner refers the Court to the Bureau of Prisons Program Statement No. 5538.07 (Dec. 10, 2015), which, in turn, references 28 C.F.R. § 570.42 ("Non-medical escorted trips").

"Non-medical escorted trips allow an inmate to leave the institution under staff escort for approved, non-medical reasons." 28 U.S.C. § 570.42(a). Relevant here, an "emergency" non-medical escorted trip is "[a]n escorted trip for such purposes as allowing an inmate to attend the funeral of . . . a member of an inmate's immediate family."[2] *Id.* § 570.42(a)(1). The "procedures" to be followed in this circumstance are set forth below:

> (b) Escorted trip procedures—emergency non-medical reasons. **Unit staff are to investigate, and determine, the merits of an escorted trip** following a review of the available information. This includes contacting those persons (e.g., attending physician, hospital staff,

---

[1] Petitioner's Motion is deemed filed at the time it was delivered to prison authorities (on September 9, 2022) for forwarding to the Court. *See Houston v. Lack*, 487 U.S. 266 (1988).

[2] "For purposes of this rule, **immediate family refers to mother**, father, brother, sister spouse, children, stop-parents, and foster parents." 28 C.F.R. § 570.42(a)(1) (emphasis added).

1

>funeral home staff, family members, U.S. Probation Officer) who can contribute to a determination on whether an escorted trip should be approved.
>
>(1) The government assumes the salary expenses of escort staff for the first eight hours of each day. All other expenses, including transportation costs, are assumed by the inmate, the inmate's family, or other appropriate source approved by the Warden. The necessary funds must be deposited to the inmate's trust fund account prior to the trip. Funds paid by the inmate for purposes of the escorted trip are then drawn, payable to the Treasury of the United States. Unexpended funds are returned to the inmate's trust fund account following the completion of the trip.
>
>(2) **A request for an inmate to receive an emergency non-medical escorted trip is prepared by unit staff, forwarded through the appropriate staff for screening and clearance, and then submitted to the Warden.** Except as specified in § 570.43, the **Warden may approve an inmate for an emergency non-medical escorted trip.**

*Id.* § 570.42(b)(1), (2) (emphases added). As the text of the regulation indicates, the Warden makes the decision as to whether to allow an emergency non-medical escorted trip. The Court has no authority to do so.[3] Petitioner represents that he has sent his request to the Warden, where it was appropriately directed.[4]

Petitioner's Motion for Furlough for Escorted Trip (Doc. 223) is hereby **DENIED** without prejudice.

**IT IS SO ORDERED.**

/s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court

---

[3] As a general matter, the Court notes that "[a]n inmate has no liberty interest in attending a family member's wake or funeral, as the denial of such an opportunity does not impose an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Rathers v. Raney*, No. 99-6627, 2000 WL 1871702, at *2 (6th Cir. Dec. 13, 2000) (citing *Sandin v. Conner*, 515 U.S. 472, 484–86 (1995)); *Jeffries v. K.C.I.W.*, No. 3:14CV-463-H, 2014 WL 4999195, at *2 (W.D. Ky. Oct. 7, 2014); *Lunsford v. Timmerman-Cooper*, No. 2:11-cv-00733, 2012 WL 423763, at *1 (S.D. Ohio Feb. 9, 2012).

[4] The Court is unaware of the Warden's decision, if any.